[Civ. No. 21431.   Second Dist., Div. One.   May 7, 1956.]

IONA JEAN BLOCK, Respondent, v. HAROLD L. BLOCK, Appellant.

Lucas & Rolland for Appellant.

Leonard A. Delk for Respondent.

WHITE, P. J.—Defendant appeals from an order of the Superior Court of Los Angeles County, denying a motion to set aside a default judgment of divorce under provisions of section 473, Code of Civil Procedure, made upon the ground that the said default judgment was taken against the defendant through his mistake, inadvertence, surprise or excusable neglect.   When denying the motion, the trial court stated: "From the affidavits on both sides in this case, it seems to me that it is inescapable that the defendant had notice of this action and did not appear within the time."

The record includes the affidavit of Carl Neighbors that he personally served the summons and complaint upon the de-

fendant, Harold L. Block, at Paramount, California, on March 30, 1955.

The affidavits in support of defendant's motion to set aside the default are to the effect that "shortly after May 5, 1955, the defendant was informed by the plaintiff that she had obtained a divorce against the defendant. . . . Defendant was taken completely unawares by said information inasmuch as at no time had he been informed that his wife had filed papers for divorce although defendant admits that he knew she was contemplating divorce and that they in fact had both discussed the matter with an attorney. Defendant states that it was made known to him that he was supposed to have been served by one Carl Neighbors . . ." Defendant's "first knowledge of said divorce action taking place was after the interlocutory judgment had already been obtained by the plaintiff."

The supporting affidavit of Carl Neighbors is that plaintiff gave him papers to be handed by him to defendant; that he did hand those papers to defendant; that he was later told that the papers so handed to defendant included divorce papers; that he signed the affidavit of service; "and that if I knew any divorce papers were contained in said mail, I would not have delivered them to her husband."

In opposition to said motion to set aside the default judgment, the record includes the affidavit of plaintiff that she personally asked Carl Neighbors if he would serve the papers upon the defendant; that he stated that he would; that she handed them to him; that the papers were discussed by them; and together they placed them in an envelope.

Edna Flood, an employee of plaintiff, averred that on or about March 30, 1955, plaintiff asked her to serve the summons and complaint upon defendant; that she was leaving early that afternoon and could not do so; that she discussed the service with Carl Neighbors and he said he was working that evening and would be glad to serve the papers upon defendant; that later that afternoon Mr. Neighbors told her Mrs. Block had offered him $10 to serve the papers and that he had refused the money because he would be working there anyway.

Nettie Fitzgerald, housekeeper and baby sitter for plaintiff, who lived across the street from her place of business, averred that plaintiff told her on March 30, 1955, that she had given a summons and complaint to Carl Neighbors to be served upon defendant; and that plaintiff asked her to "observe

to ascertain if Mr. Block was served with the Summons and Complaint''; that about 5 p. m. that day she went across the street and talked with Mr. Carl Neighbors and he told her he was going to serve the summons and complaint upon defendant; that he would hand him the papers in an envelope as defendant walked out the door; that she went back to the house across the street; that when defendant arrived at the factory, she turned out the light in the house and watched across the street; that about 6 p. m. she saw Mr. Block walk out of the building carrying an envelope; that he opened the envelope under the bright light outside the building and she saw him remove some papers from the envelope; that he stood under the bright light and appeared to be reading several pages which were fastened together across the top; that defendant stood there some time reading the papers; that he then walked back into the factory with the papers, leaned over a desk, said something to Mr. Neighbors, came outside, got into his car and left. A few minutes later she went to the factory, Mr. Neighbors told her he had given the papers to defendant; that defendant had walked outside with them in the envelope and ''a short time later brought the papers back in and had put them in a wastebasket by the desk''; that she looked into the wastebasket and saw the summons and complaint with the blue cover in the wastebasket; that she and Mr. Neighbors left them in the basket where defendant had put them; that the next morning she told plaintiff what had happened and plaintiff removed the papers from the wastebasket. The papers are attached as exhibits to the affidavit of plaintiff.

No oral testimony was offered or taken. It further appears from the various affidavits without conflict that plaintiff and defendant separated January 5, 1955; that about January 6th defendant accompanied plaintiff to the office of her attorney and a divorce action and the terms of a settlement were discussed between them; and that about the same time defendant alone consulted another attorney in his own behalf. Nowhere in defendant's affidavit does it appear that he never received the papers delivered to him by Neighbors. Nowhere in the several affidavits does it appear that Neighbors did not deliver the summons and complaint to defendant as stated in his affidavit of service upon the original summons. Defendant's averment that ''at no time did plaintiff inform affiant that she had actually filed for divorce or that the papers had been served upon him or that there was a hearing date set

for the divorce,'' and that his ''first knowledge of said divorce action taking place was after the interlocutory judgment had already been obtained by the plaintiff,'' falls short of a direct denial that summons and complaint were served upon him.

Appellant contends that the fact that the papers were handed to appellant in an envelope and the affidavit of the process server that ''if I knew any divorce papers were contained in said mail, I would not have delivered them to her husband'' makes at least a slight showing of excusable neglect, surprise or inadvertence and therefore it was an abuse of discretion by the court hearing the matter to refuse to grant the motion to set aside the default.

Appellant, however, has ignored the averments that defendant was seen with the papers out of the envelope apparently reading them; and that defendant returned to the factory and placed the summons and complaint in the wastebasket. ▪ On the instant appeal the affidavits filed by respondent in opposition to the motion to set aside the default establish the facts stated therein and any other facts which may be reasonably inferred therefrom. (*Brainard* v. *Brainard,* 82 Cal.App.2d 478, 480 [186 P.2d 990].)

▪ The trial court's determination that defendant had notice of the instant action is supported by substantial evidence. We find no abuse of discretion.

The order is affirmed.

Doran, J., and Fourt, J., concurred.